IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DESSIE OWENS                                                                    PLAINTIFF

v.                     Civil No. 04-6086

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Dessie Owens, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On July 25, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #10 & 11).

Plaintiff's attorney, Richard Muse, filed an Application For Attorney's Fees Under *The Equal Access to Justice Act*, (hereinafter the "*EAJA*"), on August 16, 2005 (Doc. #12-14). The Commissioner responded on September 6, 2005 (Doc. #15). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA,* does not object to the hourly rate sought, and does not dispute the number of hours expended by counsel (Doc. #15, p. 1).

The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002)*, citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985)*.

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985)*. Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984)*.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. §*

AO72A
(Rev. 8/82)

*2412(d)(2)(A).* Plaintiff's attorney requests an award under the *EAJA,* at the rate of $150.00 per hour for the 20 hours which he asserts were devoted to the representation of plaintiff in this Court.

As has been noted, the Commissioner has raised no objection. However, we conclude that an award based upon an hourly rate of $148.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $148.00 per hour.

Further, we have reviewed counsel's itemization of time contained in his Declaration (Doc. #15). We note that the counsel seeks compensation for a total of one (1) hour of time for work performed on July 19, 2004, for preparing an Affidavit Evidencing Proof of Service and filing it with the clerk of the court, and on September 3, 2004, for pulling the file, checking the Answer date, and calendaring the same (Doc. #14). Work which could have been performed by support staff is not compensable under the *EAJA*. See *Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987).* Thus, one (1) hour of the time for which compensation is sought must be deducted. The remainder of the time asserted to be spent in representation of the plaintiff before the district court, is found to be reasonable. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 19 hours.

Accordingly, we find that counsel is entitled to compensation for 19 hours at the rate of $148.00 per hour for a total attorney's fee award of $2,812.00 under the *EAJA*.

**AO72A**
**(Rev. 8/82)**

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 30th day of March, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)